In the Matter of the Estate of RAYMOND PATENOTRE, Deceased.

Surrogate's Court, New York County, July 20, 1954.

*George Natanson* for Harold J. Loughran, for motion.

*Franz Martin Joseph,* as ancillary administrator *c. t. a.* of Raymond Patenotre, deceased, opposed.

*Bernard Bernstein* for Eleanor P. du Roure, opposed.

FRANKENTHALER, S. The proceeding for original probate of the decedent's will was discontinued by order entered upon motion of the proponent. That order reserved to proponent the right to make application for allowance, counsel fees and expenses, if any, to which he might be entitled. He now seeks counsel fees, disbursements and expenses aggregating $8,678.65.

There has been extensive litigation in relation to the person entitled to administer the estate of the testator in this jurisdiction. It began in July, 1951, with a petition by the nominee of one of the heirs for ancillary letters of administration *c. t. a.,* based upon a holographic will established in France. That petition alleged that the decedent was at the time of his death a resident of France, that he died there leaving personal property within this county, and that the holographic will made as required by French law was duly established in France pursuant to the laws of this country. The holographic will was made by the decedent in New York City on September 15, 1949. On July 26, 1951, the allegation of foreign domicile was put in issue by answer of the New York State Tax Commission. The same issue was raised by answer of the moving party here, but that answer was not filed until February 29, 1952. He was a necessary party in the proceeding for ancillary letters because he was a resident of the State and asserted a claim against the estate in the sum of $95,000 for legal services rendered to the decedent.

In the period between the filing of the answer of the Tax Commission and the filing of his own answer, the moving party commenced a proceeding for the probate of a will executed by the decedent in New York on July 6, 1948, and a codicil thereto dated May 27, 1949. The proponent, the executor named in that will, alleged that decedent was domiciled at the time of his death in the county of New York. He contends that he was under a duty to the decedent to petition for the probate of the 1948 will because he believed that the decedent was domiciled in New York and for the further reason that even if decedent were domiciled in France, the proponent had not been given sufficient information to enable him to determine the validity of the later will under French law. Proponent retained a firm

of attorneys in New York to represent him in the proceeding and also another New York attorney as a consultant in the law of France. He retained another lawyer in Paris. He and one of his counsel journeyed to Paris and interviewed witnesses in respect of the execution of the last will and the domicile of the decedent. While in France he settled his $95,000 claim for $65,000. Upon his return, he requested leave to discontinue the probate proceeding, conceding that upon the evidence then available there was little possibility of establishing New York domicile and that there was no further justification for continuing the probate proceeding. Proponent seeks $5,000 as compensation for all legal services rendered by his counsel in the probate proceeding, $1,000 paid to the attorney in France, $500 paid to the New York consultant in French law, and more than $2,000 in traveling expenses.

In the opinion of the court the proponent is not entitled to counsel fees or expenses in this estate.

This court is authorized to grant to an unsuccessful proponent costs, disbursements and the expenses " incurred in the attempt to sustain the will " only when a " *decree* is made upon a contested application for probate of a will." (Surrogate's Ct. Act, § 278; emphasis supplied.) In *Matter of Foreman* (238 App. Div. 388, 390), the Appellate Division held that the costs allowable by a Surrogate are strictly limited under the provisions of section 278 of the Surrogate's Court Act, that allowances may be made only in the cases provided in such section, and that the attorneys in a probate proceeding are not entitled to costs and allowances prior to the entry of the decree in the probate proceeding. Thus the court was of the view that the Surrogate could compensate an unsuccessful proponent only at the end of the contested proceeding and only in the decree which definitively determined the rights of the parties. (Cf. Surrogate's Ct. Act, § 78.) The order entered in the probate proceeding simply authorized discontinuance of that proceeding. It did not attempt to determine the rights of any party. The proponent asked leave to withdraw a proceeding which had been initiated by him but which he was no longer justified in prosecuting.

Moreover, under the circumstances, there was no need for initiating at that time the separate proceeding for original probate of the earlier will. The principal issues which the proponent sought to litigate in the probate proceeding were precisely the issues then formulated in the proceeding for ancillary letters, namely, domicile and the holographic character of the later will. This court could grant ancillary letters on a will established

abroad only where the testator was "a person who resided without the state at the time of his death." (Surrogate's Ct. Act., § 159; see, also, legislative note to L. 1948, ch. 69.) The only choice as to domicile was between New York and France. The Surrogate could not grant ancillary letters unless he was satisfied that domicile at the time of death was in France and that the last will was executed in accordance with the law of France and duly established there according to law. One named as executor in a will may feel a moral obligation to his testator to offer the will for probate unless he is satisfied that a later will, which supersedes the first, was validly made. Here, however, he was a party respondent in a pending proceeding where a grant of ancillary letters would depend upon findings which would of necessity make his will inoperative and wherein the court must be satisfied with respect to the existence of the facts of which the executor professed doubt. It was not necessary for him to begin a new proceeding in order to satisfy his conscience on these questions. It was certainly not incumbent upon him to expend such large sums to resolve his doubts on issues that others were bound to establish in the pending litigation.

Finally, the court is not satisfied that all these expenses were related to the probate proceeding and not to settlement of the moving party's large claim.

The motion is, therefore, denied on the law and in the exercise of the discretion of the court.